<u>**FOR PUBLICATION**</u>

**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY**

| | |
|---|---|
| **UNITED STATES OF AMERICA,**<br><br>　　　　**Plaintiff,**<br><br>　　**v.**<br><br>**$263,327.95,** *et al.***,**<br><br>　　　　**Defendants** *in rem***.** | Civ. No. 2:12-cv-01914 (WJM)<br><br>**OPINION** |

<u>**WILLIAM J. MARTINI, U.S.D.J.:**</u>

　　　　Plaintiff United States of America (the "Government") brings this civil forfeiture action to forfeit and condemn a total of $263,327.95.  This matter comes before the Court on a motion to dismiss filed by Claimant Steve N. Chan ("Chan").  There was no oral argument.  Fed. R. Civ. P. 78(b).  For the reasons set forth below, the motion to dismiss is **DENIED**.

## I.　　BACKGROUND

　　　　This is a civil forfeiture action in which the Government seeks to forfeit $263,327.95.  The Government alleges that this was the remaining balance of over $658,000.00 that was structured into three separate bank accounts in violation of 31 U.S.C. § 5324(a).

　　　　Under federal law, U.S. financial institutions are required to file a currency transaction report ("CTR") for each deposit, withdrawal, or exchange of currency of more than $10,000.  *See* 31 U.S.C. § 5313(a) (2012).  31 U.S.C. § 5324(a) prohibits people from structuring their transactions to avoid the $10,000 reporting requirement.  That statute provides that:

> No person shall, for the purpose of evading the reporting requirements of section 5313(a) . . . structure or assist in structuring, or attempt to structure or assist in structuring, any transaction with one or more domestic financial institutions.

1

31 U.S.C. § 5324(a)(3).  Pursuant to 31 U.S.C. § 5317(c)(2), "[a]ny property involved in a violation of section 5313 . . . and any property traceable to any such violation or conspiracy, may be seized and forfeited to the United States."

The Complaint alleges that the Internal Revenue Service, Criminal Investigation ("IRS-CI") conducted an investigation of bank accounts held "in the name and/or for the benefit of Steve Chan."  Compl. ¶ 2, ECF No. 1.  The Complaint alleges that "Chan maintains the following bank accounts":  (1) a "Sovereign Bank personal checking account . . . in the name of Steven N. Chan"; (2) a "TD Bank, N.A. personal checking account . . . in the name of Steve Chan"; (3) a TD Bank, N.A. "personal savings account . . . in the name of Steve Chan"; and (4) a "Merrill Lynch Brokerage account . . . in the name of Steve N. Chan."  Compl. ¶ 11.  The Complaint also alleges that "Steven Chan and Lieng Kang Kay maintain [a] Bank of America, N.A. personal checking account."  Compl. ¶ 8.  The Complaint alleges that, between July 16, 2010 and July 12, 2011, Chan deposited a total of $658,277.08 in U.S. currency without making a single deposit over the $10,000 CTR threshold.  Compl. ¶ 19; *see also* Gov.'s Opp. Br. at 9-10.  Attached to the Complaint is a set of three spreadsheets labeled "Steve Chan . . . TD Bank, N.A."; "Steven N. Chan . . . Sovereign Bank"; and "Steven N Chan and Lieng Kang Kay . . . Bank of America, N.A."  Compl. Attachment A, ECF No. 1.  The spreadsheets list a total of 96 transactions taking place across Chan's various bank accounts.  *See id.*

The Complaint and the attached spreadsheets provide information about numerous individual transactions.  For example, on January 21, 2011, Chan made a $6,000 deposit at Bank of America, a $6,000 deposit at TD Bank, and a $6,000 deposit at Sovereign Bank.  Compl. Attachment A.  On March 1, 2011, Chan made an $8,000 deposit at TD Bank.  *Id.*  On March 1, 2011, Chan also made two separate deposits at Sovereign Bank, one for $9,700 and another for $8,990.  *Id.*  On March 3, 2011, Chan made a $9,000 deposit at TD Bank and an $8,000 deposit at Sovereign Bank.  *Id.*  On March 11, 2011, Chan deposited $8,000 at Bank of America and $8,900 at TD Bank.  *Id.*  On March 11, 2011, Chan also made two separate deposits at Sovereign Bank, one for $8,300 and one for $9,000.  *Id.*  On May 6, 2011, Chan purchased a TD Bank official check in the amount of $165,000, which was issued to Knights Abstract, Inc. for the purchase of real property located in Philadelphia, Pennsylvania.  Compl. ¶ 15.  Chan also used $194,500 from his Bank of America account to purchase another piece of real property in Philadelphia.  Compl. ¶ 18.

On September 15, 2011, seizure warrants were executed by the Honorable Michael A. Shipp.  Compl. ¶ 20.  On September 19, 2011, IRS-CI executed the seizure warrants and seized $19,585.95 in Chan's TD Bank account, $17,742.00 in Chan's Sovereign Bank account, and $226,000.00 in Chan's Merrill Lynch account.[1]  Compl. ¶ 21.  On March 30, 2012, the Government filed its Complaint in this action.  *See* ECF No.

---

[1] A large portion of the funds were not seized because they had already been used to purchase the two pieces of real property described above.

1. On April 20, 2012, the Government filed a Notice of Forfeiture, stating that any claims to the property "must be filed by May 25, 2012." Notice of Forfeiture at 2-3 ("Notice"), ECF No. 3. On May 25, 2012, Chan filed a Verified Claim of Interest (the "Claim"). *See* Claim of Ownership by Steve N. Chan ("Claim"), ECF No. 4. The Claim states, "I, Steve N. Chan, claimant, am the sole owner of the defendant *in rem*[,] *i.e.*, [the] $263,327.95 in currency at issue in the above-captioned action." *Id.* ¶ 1. Chan now moves to dismiss the Complaint.

## II. LEGAL STANDARD

Civil asset forfeiture proceedings are governed by two sets of procedural rules: the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions ("Supplemental Rules") and the Federal Rules of Civil Procedure ("Civil Rules"). *United States v. $8,221,877.16 in U.S. Currency*, 330 F.3d 141, 149 (3d Cir. 2003). "The balance between the two is struck in favor of the Supplemental Rules, which always apply to civil forfeiture proceedings." *Id.* (citing 18 U.S.C. § 983(a)(3)). The Civil Rules also apply to *in rem* proceedings, but only to the extent that they are not "inconsistent with" the Supplemental Rules. Fed. R. Civ. Proc. Supp. A(2).

Under the Supplemental Rules, a person who asserts an interest in the defendant property may intervene in the action as a claimant. Fed. R. Civ. Proc. Supp. G(5)(a)(i). "A claimant who establishes standing to contest forfeiture may move to dismiss the action under [Civil] Rule 12(b)." Fed. R. Civ. Proc. Supp. G(8)(b)(i). However, the "sufficiency of the complaint is governed by [Supplemental] Rule G(2)," not by the Civil Rule 12(b) plausibility standard set forth in *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007) and *Ashcroft v. Iqbal*, 129 S.Ct. 1937 (2009). *See United States v. $22,173.00 in U.S. Currency*, No. 09-7386, 2010 WL 1328953, at *2 (S.D.N.Y. Apr. 5, 2010).[2] Under Supplemental Rule G(2), a complaint must "state sufficiently detailed facts to support a reasonable belief that the government will be able to meet its burden of proof at trial." Fed. R. Civ. Proc. Supp. G(2)(f).

## III. DISCUSSION

Chan moves to dismiss the Complaint, arguing that the Government failed to plead that Chan acted with the intent to evade the reporting requirement. The Government opposes the motion, arguing that intent can be inferred from the allegations in the Complaint. The Government also argues that Chan lacks standing to bring the motion.[3] Because standing is a threshold issue, the Court will address the Government's standing argument, followed by the merits of Chan's motion to dismiss. *See United States v.*

---

[2] Nevertheless, some courts have observed that the language used to describe the Civil Rule 12(b) standard is quite similar to the language used to describe the pleading standard under Supplemental Rule G(2). *$22,173.00 in U.S. Currency*, 2010 WL 1328953, at *2 n.25.

[3] The Government did not formally move to strike Chan's claim.

*$8,221,877.16 in U.S. Currency*, 330 F.3d 141, 150 n.9 (3d Cir. 2003) ("standing is a threshold issue that determines whether a party is properly before the court").

### A.  Standing

The Government argues that Chan lacks standing to challenge the forfeiture.  The Court disagrees.

Because the only initial parties to a civil forfeiture action are the Government, as the plaintiff, and the property the Government seeks to forfeit, as the defendant, forfeiture cases present unique standing issues.  Any individual or entity that wishes to assert a claim to the property can do so only by intervening in the action as a claimant.  "A forfeiture claimant must meet both Article III and statutory standing requirements before it may stand before a court to contest a forfeiture."  *$8,221,877.16 in U.S. Currency*, 330 F.3d at 150 n.9.  "Article III standing requires the claimant to show an interest in the property sufficient to create a case or controversy."  *In re Friko Corp.*, 971 F.2d 974, 984 (3d Cir. 1992).  To create a "case or controversy" the potential claimant must demonstrate a colorable interest in the property.  *Munoz-Valencia v. U.S.*, 169 Fed. App'x 150, 152 (3d Cir. 2006).  To establish statutory standing, a claimant must comply with the procedural requirements delineated in the Supplemental Rules and the Civil Asset Forfeiture Reform Act of 2000 ("CAFRA"), 18 U.S.C. § 983, *et seq*.  *United States v. $39,557.00, More or Less, in U.S. Currency*, 683 F. Supp. 2d 335, 338 (D.N.J. 2010).

The Government filed this action pursuant to Supplemental Rule G, which governs forfeiture *in rem* actions arising from a federal statute.  Rule G provides that "[a] person who asserts an interest in the defendant property may contest the forfeiture by filing a claim in the court where the action is pending."  Fed. R. Civ. Proc. Supp. G(5)(a)(i).  Rule G provides that the claim must:

> (A) identify the specific property claimed; (B) identify the claimant and state the claimant's interest in the property; (C) be signed by the claimant under penalty of perjury; and (D) be served on the government attorney . . . .

*Id.*  The purpose of the Rule G requirements is to provide notice to the Government of the claimant's interest in the property and to minimize the danger of false claims.  *See United States v. $39,557.00, More or Less, in U.S. Currency*, 683 F. Supp. 2d 335, 339 (D.N.J. 2010).  Rule G provides that the claim must be filed within the time limits set forth in the notice of forfeiture sent to potential claimants.  Fed. R. Civ. Proc. Supp. G(5)(a)(ii)(A); *see also* 18 U.S.C. § 983(a)(4)(A) (2009).  The Third Circuit has stated that district courts should require forfeiture claimants to "strictly adhere to the filing requirements," *United States v. $487,825.000 in U.S. Currency*, 484 F.3d 662, 665 (3d Cir. 2007), but should not be so strict in interpreting those requirements that the outcome defies "old-fashioned common sense."  *United States v. Various Computers & Computer Equip.*, 82 F.3d 582,

585 (3d Cir. 1996) (quoting *United States v. One Urban Lot Located at 1 St. A-1, Valparaiso, Bayamon, Puerto Rico*, 885 F.2d 994, 1001 (1st Cir. 1989)).

 In this case, it is undisputed that the vast majority of the Rule G requirements have been met. Consistent with Rule G(5)(a)(i)(A), Chan filed a claim identifying the "$263,327.95 in currency" as the specific property claimed. Claim ¶ 1. Consistent with Rule G(5)(a)(i)(B), the Claim identifies the claimant as "Steve N. Chan" and states that Chan has an interest in the property because he is "the sole owner of the defendant *in rem*." *Id.* Consistent with Rule G(5)(a)(i)(C), Chan signed a Verification for the Claim stating, "I verify and declare under penalty of perjury that the foregoing is true and correct." Verification, ECF No. 4. And, consistent with Rule G(5)(a)(i)(D), Chan served a copy of the Claim on the Government attorney. *See* May 25, 2012 Cert. of Service, ECF No. 4. In addition, there is no dispute that Chan's Claim was timely filed. Chan filed his Claim on May 25, 2012, which was within the time limits set forth in the Government's Notice of Forfeiture. *See* Notice at 2-3. The Government's sole argument with respect to standing is that Chan's Claim does not describe Chan's interest in the property with sufficient detail.

 The amount of information that is necessary to "state the claimant's interest in the property" under Rule G(5)(a)(i)(B) is an open question of law in the Third Circuit. The Supplemental Rules do not contain any pleading standards for claims, and Rule G(5)(a)(i)(B) does not specify the extent to which a claim must describe the claimant's interest. The Third Circuit has not decided this issue. In *United States v. $487,825.000 in U.S. Currency*, 484 F.3d 662 (3d Cir. 2007), the Third Circuit held that a claim was deficient because it "contain[ed] no description of [the claimant's] interest in the property" at all, and instead "merely denie[d] the allegations made by the government in its complaint." *Id.* at 665. However, the Third Circuit did not discuss the amount of information that would be necessary to satisfy this requirement.

 Other cases from the District of New Jersey also provide little guidance. There are a few cases from this District stating that a "bald assertion of ownership" is insufficient to identify a claimant's interest in the property. *United States v. $39,557.00, More or Less, in U.S. Currency*, 683 F. Supp. 2d 335, 339 (D.N.J. 2010). However, these statements were made in cases where there were numerous other deficiencies with the claim. In *$39,557.00*, for example, the court held that a putative claimant lacked standing because he failed to verify his claim, his answer, and his interrogatories, he improperly used his affidavit from the administrative forfeiture proceedings, and he failed to sufficiently identify his interest in the property, even though the court "provided multiple opportunities for [him] to file sufficient responses." *$39,557.00*, 683 F. Supp. 2d at 339-41. Similarly, in *United States v. $140,000.00 In U.S. Currency*, No. 09-3516, 2010 WL 1704966 (D.N.J. Apr. 26, 2010), the court held that a putative claimant lacked standing because she never filed a claim, she filed an untimely answer, she improperly attached her certification from the administrative forfeiture proceedings, she improperly attached

5

another unsigned answer certification, and neither certification contained a description of her interest in the property. *Id.* at *3-4.

In this case, all of the other statutory requirements have been met. Further, the Government's Complaint in this case contains allegation after allegation describing Chan's interest in the property. The Government alleges that the IRS-CI investigated bank accounts held "in the name and/or for the benefit of Steve Chan"; that "Chan maintains [several] bank accounts"; that the "Sovereign Bank personal checking account" was held "in the name of Steven N. Chan"; that the "TD Bank, N.A. personal checking account" was held "in the name of Steve Chan"; that the TD Bank, N.A. "personal savings account" was held "in the name of Steve Chan"; that the "Merrill Lynch Brokerage account" was held "in the name of Steve N. Chan"; and that "Chan" engaged in dozens of financial transactions using his accounts. Compl. ¶¶ 2, 11, 19, and Attachment A.

The Government now wants Chan removed from the case because he did not provide a detailed enough description of his connection to the property. Such a request defies "old-fashioned common sense." *See Various Computers*, 82 F.3d at 585. It is eminently clear to the Government and the Court that the Claimant has an interest in the property. *See Various Computers*, 82 F.3d at 585 (reversing district court's denial of standing in part because "[b]oth the court and the Government were aware of the source of [the claimant's] interest in the property and the basis for his claim of ownership"). Furthermore, in cases where the complaint describes the claimant's interest in the property in detail, the goals of the Rules have been met because the Government is on notice of the claimant's interest in the property, and there is very little risk that the claimant is filing a false claim. The application of the statutory requirements should be strict, but not needlessly pedantic.

Accordingly, the Court finds that a simple description of a claimant's interest in the property is sufficient where, as here: (1) the claim meets all the other statutory requirements, and (2) there is no real dispute that the claimant has an interest in the property. In so holding, this Court follows numerous other courts that have held that a simple statement of ownership will suffice. *See, e.g.*, *U.S. v. $191,910.00 in U.S. Currency*, 16 F.3d 1051, 1058 (9th Cir. 1994) ("a simple claim of ownership will be sufficient to create standing to challenge a forfeiture") (superseded by statute on other grounds); *U.S. v. $40,000 in U.S. Currency*, 763 F. Supp. 1423, 1427 (S.D. Ohio 1991) (a potential claimant "need not supply facts" in identifying ownership interest as that information only "become[s] important later in a forfeiture proceeding"); *U.S. v. $80,760.00 in U.S. Currency*, 781 F. Supp. 462, 467 n.15 (N.D. Tex. 1991) (stating that a demand "that claimants show a legitimate source [explaining their interest in the property] for the purpose of establishing standing improperly accelerates the claimants' ultimate burden").

Because Chan's simple claim of ownership is sufficient to satisfy the requirements of Rule G(5)(a)(i)(B), the Court finds that Chan has standing to challenge the forfeiture.

### B. Motion to Dismiss

Chan moves to dismiss the Complaint for failure to allege intent. The Court finds that the motion to dismiss should be denied.

Chan argues that the Complaint should be dismissed because the Government failed to allege intent to evade the reporting requirements, as required by 31 U.S.C. § 5324. That statute provides that:

> No person shall, *for the purpose of evading the reporting requirements of section 5313(a)* . . . structure or assist in structuring, or attempt to structure or assist in structuring, any transaction with one or more domestic financial institutions.

31 U.S.C. § 5324(a)(3) (emphasis added). Thus, Chan argues that the Government was required to allege sufficient facts to support the inference that (1) Chan knew about the reporting requirements, and that (2) Chan acted with the intent to evade those requirements. *See* Mot. to Dismiss at 5, ECF No. 7. Chan is correct that the Complaint does not include a single allegation of knowledge or intent. However, the Complaint does state sufficiently detailed facts to support a reasonable belief that the Government will be able to meet its burden of proving intent at trial.

The Complaint sets forth numerous factual allegations that support the inference that Chan intended to evade the reporting requirements.

<u>First</u>, the Complaint alleges that Chan managed to deposit over $658,000 in a 12-month period without making a single deposit of over $10,000. Compl. ¶ 19; *see also* Gov.'s Opp. Br. at 9-10. The Complaint alleges that there were dozens of deposits that were close to the $10,000 threshold, but not one that crossed it.

<u>Second</u>, the Complaint and supporting documents allege that Chan frequently deposited cash at different banks on the same day, and kept all the transactions below $10,000. For example, on January 21, 2011, Chan made a $6,000 deposit at Bank of America, a $6,000 deposit at TD Bank, and a $6,000 deposit at Sovereign Bank. Compl. Attachment A. Likewise, on March 3, 2011, Chan made a $9,000 deposit at TD Bank and an $8,000 deposit at Sovereign Bank. *Id.*

<u>Third</u>, the Complaint and supporting documents allege that Chan made numerous "split deposits," meaning that he made two deposits at the same bank on the same day, but made the deposits at different times. Gov.'s Opp. Br. at 10. For example, on March 1, 2011, Chan made two separate deposits at Sovereign Bank, one for $9,700 and another for $8,990. Compl. Attachment A. Likewise, on March 11, 2011, Chan made two

7

separate deposits at Sovereign Bank, one for $8,300 and one for $9,000.  *Id.*  That same day, Chan deposited $8,000 at Bank of America and $8,900 at TD Bank, for a one day cash total of $34,200.  *Id.*

On the basis of these allegations, it is reasonable to infer that Chan knew about the reporting requirements and acted with the intent to evade those requirements.  It is reasonable to infer that Chan could not have spent an entire year depositing large sums of money without making a single deposit of over $10,000, unless he did so intentionally.  Similarly, it is reasonable to infer that Chan would not have gone to the extraordinary effort of regularly visiting multiple banks multiple times a day, unless he was doing so with the intent to evade the reporting requirements.  Accordingly, the Complaint states sufficiently detailed facts to support a reasonable belief that the Government will be able to meet its burden of proving intent at trial.

Because the Complaint satisfies the pleading standards set forth in Supplemental Rule G(2)(f), the motion to dismiss is denied.

## IV.   CONCLUSION

For the reasons stated above, Chan's motion to dismiss is **DENIED**.  An appropriate order follows.

                                                      /s/ William J. Martini
                                         **WILLIAM J. MARTINI, U.S.D.J.**

**Date: March 27, 2013**